UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| --- | --- | --- |
| | * | |
| VERSUS | * | NO. 18-162 |
| | * | |
| BENNETT, ET AL. | * | SECTION "L" |

\* \* \*

**ORDER AND REASONS**

Pending before the Court is Defendant George Bennett's Motion for Requested Special Charge. R. Doc. 183. The Government opposes. R. Doc. 189. Bennett has also filed a second Motion for Requested Special Charge. R. Doc. 204. Having considered the briefing and the applicable law, the Court rules as follows.

I.   BACKGROUND

On July 27, 2018, a Grand Jury returned an Indictment charging Defendants George Bennett, Jarrin Gayden, and Gregory Shepherd with various charges related to an alleged drug distribution conspiracy. R. Doc. 1. Count One charges all three Defendants with conspiracy to distribute and possess with the intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846. Count Two charges Mr. Bennett with knowingly distributing a substance containing heroin to "KB," a victim whose death resulted from the use of the substance. Counts Three and Four charge Mr. Bennett and Mr. Shepherd with distribution of heroin and fentanyl. Counts Five and Six charged Mr. Gayden with distribution of heroin; however, he has since pleaded guilty to those charges. Trial for the other two defendants, Mr. Bennett and Mr. Shepherd, began before a jury on November 14, 2022.

1

## II. DISCUSSION

Defendant George Bennett now moves the Court to include a special charge in the jury instructions as to Count Two of the indictment. He asks the Court to advise the Jury that, in order to find Mr. Bennett guilty of Count Two, not only must it find that the Government has proven beyond a reasonable doubt that Bennett knowingly and intentionally distributed heroin to KB and that this heroin was a but-for cause of KB's death, but also that KB's death was foreseeable. R. Doc. 183-1 at 1.

The Supreme Court in *Burrage v. United States*, 571 U.S. 204 (2014), granted certiorari on the question of whether, in order to be constitutional, 21 U.S.C. § 841(b)(1)(C) need to include a foreseeability element; that is, whether to convict a defendant for a drug sale leading to death or serious bodily injury, the Government need prove beyond a reasonable doubt that the distributor of the drug should have been able to foresee the user's death as a result of the drug's use. However, the Supreme Court decided that case on another argument, pretermitting answer of the foreseeability question to another time.

The Court thus looks to the Fifth Circuit. In *United States v. Thompson*, 945 F.3d 340 (5th Cir. 2019), the Fifth Circuit held that it was not plain error for a district court to have neglected to give a jury instruction as to § 841(b)(1)(C) that the allegedly resultant death or serious bodily injury need be foreseeable. While this was on plain error review, that Court's reasoning is equally applicable here: § 841(b)(1)(C) does not impose any sort of explicit causation requirement, and U.S.S.G. § 2D1.1, the Sentencing Guidelines provision analogous to § 841(b), is a strict liability provision that applies without regard for common law principles of proximate cause or reasonable foreseeability. *Thompson*, 45 F.3d at 346 (quoting *United States v. Carbajal*, 290 F. 3d 277, 284 (5th Cir. 2002)).

As *Thompson* additionally notes, every federal court of appeals to address the issue of whether § 841(b) demands proof of proximate causation has determined that the provision entails no such requirement. *Id.*; *see also United States v. Harden*, 893 F.3d 434, 447-48 (7th Cir. 2018) (collecting cases), *cert. denied*, –– U.S. ––, 139 S. Ct. 394, 202 L.Ed.2d 300 (2018); *see also United States v. Burkholder*, 816 F.3d 607, 618 (10th Cir. 2016); *United States v. Webb*, 655 F.3d 1238, 1250 (11th Cir. 2011); *United States v. De La Cruz*, 514 F.3d 121, 137 (1st Cir. 2008); *United States v. Houston*, 406 F.3d 1121, 1124-25 (9th Cir. 2005); *United States v. Robinson*, 167 F.3d 824, 832 (3d Cir. 1999); *United States v. Patterson*, 38 F.3d 139, 145 (4th Cir. 1994). The Court thus agrees that conviction under § 841(b)(1)(C) does not require proof beyond a reasonable doubt of foreseeability.

In his second motion for a special charge, R. Doc 204, Defendant asks the Court to instruct the jury on "intervening cause[s]" and instruct them that if they find that KB intended to commit suicide, then his death was not foreseeable to Defendant. This motion also relies Defendant's argument that conviction under § 841(b)(1)(C) requires proof beyond a reasonable doubt of foreseeability. As the Court has found that it does not, the second motion must also be denied.

### III.   CONCLUSION

For the foregoing reasons, Mr. Bennett's two Motions for a Special Charge are **DENIED**.

New Orleans, Louisiana, this 17th day of November, 2022.

*[Signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE